This is a suit wherein plaintiff seeks to recover the sum of $110.54 for goods, wares and merchandise allegedly sold to defendant, Police Jury for the Parish of Beauregard, in February, March, April and May, 1936, and allegedly duly acknowledged and approved, in writing, by the said Police Jury on May 18, 1936. The suit was filed on April 14, 1943. The defendant relies on three years' prescription as provided for under Article 3538, Civil Code, as a defense.
There was judgment in favor of plaintiff, and defendant has appealed.
The record shows that plaintiff sold to the road foreman of Ward 5 of the Parish of Beauregard certain goods on February 10, 1936, amounting to $43.95, on March 9, 1936, amounting to $15.02, on April 13, 1936, amounting to $41.80, and on May 18, 1936, amounting to $9.57 — totaling the sum of $110.34. On May 18, 1936, plaintiff gave to the road foreman duplicate copies of his bill, one for the Police Jury and another to be given to the member of the Police Jury for the 5th Ward, and in turn, to be approved by the Claims Committee of the Police Jury.
In answer to a prayer for oyer of the document showing the approval, in writing, by the Police Jury on May 18, 1936, of the indebtedness, the plaintiff filed a slip itemizing the indebtedness, with the following notation: "approved by Claims Committee J.W. Grantham, R.E. Barentine, D.S. Johnson," which slip was later introduced as Plaintiff-5; a letter from Mr. Lee Nichols, the Secretary-Treasurer of the Parish Police Jury up to June 30, 1936, wherein he states that there were unpaid bills due plaintiff in the approximate sum of $100, which bills had been approved by the Claims Committee and would have been paid had funds been available, which letter was later introduced as P-4; a letter from Mr. W.M. Bolton, who was road supervisor of the Fifth Ward of the Parish at the time the merchandise was bought from plaintiff, wherein he states that he made a copy of the original bill in 1936; and that he had seen the original approved bill several times. The answer was accepted as being in compliance with the order for oyer.
In the minutes of a meeting of the Police Jury held on May 19, 1936, appears the following minute entry: "Motion by Barrett, seconded by Cole, to accept the bills as approved by the claims committee and the treasurer be authorized to issue vouchers for same. Motion carried." Again, on June 9, 1936, after the complexion of the Police Jury for the said parish had changed by the election of 1936, and prior to the organization of the new Police Jury, the old Police Jury met and adopted the following: "Moved by Johnson, seconded by Barrett, that the bills accepted as approved by the Claims Committee, subject to the approval of the new board and the treasurer be authorized to issue vouchers for same." The new board, on the same day, that is, June 9, 1936, adopted the following motion, to-wit: "All bills having been presented and approved by the Old Claim Committee, Juror Cooper moved and seconded by Rice, that the bills be accepted and the treasurer be authorized to issue vouchers for same."
It is the contention of plaintiff that the amount owed by the Police Jury is a stated account and that the prescriptive period is ten years, Civ. Code, art. 3544, while defendant contends that the account is an open account, and is governed by Article 3538.
In substantiation of his contention plaintiff offered the testimony of Mr. Grantham, the Police Jury member from the fifth ward, and Mr. R.E. Barentine, also a police jury member, two members of a committee of three which formed the claims committee of the Police Jury, Mr. Lee Nichols, then their Secretary-Treasurer of the Police Jury, and Mr. W.M. Bolton, the road superintendent or foreman of the fifth ward. *Page 620 
Mr. Grantham testified that he had authorized Mr. Bolton, his road superintendent or foreman, to purchase such merchandise as were needed from plaintiff; that it was the duty of the foreman to keep all claims and bills; that the Claims Committee of the Police Jury met on May 18, 1936, and that the foreman was supposed to be present with the bills and to have turned them over to Mr. Nichols, the secretary-treasurer. He has no recollection of any particular bill of plaintiff, but one bill, which had not been "turned in right, he re-fixed it and sent it back" to the Claims Committee, which bill was later approved.
Mr. Barentine testified that plaintiff had two bills before the claims committee, one of which "was sent back." He saw Mr. Bolton at the claims committee sittings at several times. Mr. Bolton would bring in the bills. He does not know that Bolton would take memoranda of their proceedings, nor does he know that Bolton was to keep a record of their proceedings. He further states that the bill of plaintiff which had been questioned was finally approved.
Mr. Nichols, the secretary-treasurer of the Police Jury, testified that when he went out of office on the first of July, 1936, there was, to his recollection, a bill, in favor of plaintiff, of approximately $100, which had been approved by the claims committee; when he returned to his former employment in July, 1940, the bill was no longer in the files of the Police Jury. On inquiry, he was informed that the bill had been submitted to the then District Attorney. He would not say positively that it was the same bill sued on. The trial court propounded the following question: "You had no recollection of this particular claim sued on was ever approved by the Claims Committee?" Answer. "Well, I would not swear (to) that."
Mr. Bolton, the superintendent or foreman of ward five, testified that he purchased the merchandise as evidenced by the bill, presented the bills to the claims committee on May 18, 1936, and had the bill approved by the committee, and made a memorandum thereof in his own handwriting. This memorandum was introduced as "P-1" and a copy thereof was also introduced as "P-5."
There is further evidence that, on inquiry, plaintiff was informed that the original bill with the approval of the claims committee had been submitted to the then District Attorney for a ruling as to its validity and payment, and that the original bill, with approval, was lost.
[1] Even though it be granted (a fact about which we are not certain) that the evidence shows that the claims committee had approved the claim as a just debt of the Police Jury, this did not in fact bind the Police Jury. It was merely a recommendation to the Police Jury, as a whole, that the debt be recognized by it and that it order its payment. The action of a committee cannot bind the Police Jury unless that action has been affirmed or ratified by the Police Jury while in session. There is no specific proof that this claim was ever presented to the Police Jury and approved by it on any specific day or date. The plaintiff recognizes the force of this statement in that he claims that if it was not presented to the Police Jury and approved by it on May 19, 1936, then it was presented to the old Police Jury on June 9, 1936, and approved by it, and then, if not at that meeting, then at the meeting of the new Police Jury on June 9, 1936. To hold that plaintiff has proved his claim, we would have to infer that the motion made "to accept the bills as approved by the Claims Committee" included the bill of the plaintiff. The evidence does not justify us to infer such fact or to come to such conclusion. A fact which strikes us very forcibly is the fact that in all the motions approving claims for payment which had been approved by the Claims Committee, the provision was made that the treasurer was authorized to issue a voucher for the payment thereof, yet no such voucher was issued in payment of plaintiff's bill. It stands to reason that had the account been presented to and approved by the Police Jury at any of its sessions above referred to the treasurer would have followed the mandate of the Police Jury and would have issued the warrant. Another significant fact is that had the account been presented to and approved by the Police Jury the opinion of the District Attorney would not have been necessary to determine whether it should be recognized and payment made.
[2, 3] If we understand the law correctly, in order to bind the Police Jury and have the account to be a stated account, which is governed by Civil Code Article 3544, that is, one of ten years' prescription, the account must be specifically acknowledged, in writing, by authorization of the Police Jury, or contained in a minute *Page 621 
entry of the proceedings of the Police Jury. The evidence in this case does not disclose any such fact. It is our opinion that this case is governed by the prescriptive period of three years, and therefore the action of plaintiff is prescribed.
For these reasons, it is ordered that the judgment appealed from is annulled, reversed and set aside; and it is now ordered that defendant's plea of prescription of three years be and the same is hereby maintained, and plaintiff's suit dismissed at his costs in both courts.